UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES C. WINDING,

    *Plaintiff*,

v.

BENNIE G. THOMPSON, *et al.*,

    *Defendants*.

Civil Action No. 25 - 3960 (UNA)

**MEMORANDUM OPINION**

    Plaintiff James C. Winding, who is incarcerated at the South Mississippi Correctional Institution and proceeding pro se, brings this action against Representative Bennie G. Thompson, Judge Stuart Kyle Duncan of the U.S. Circuit Court of Appeals for the Fifth Circuit, President Donald Trump, and Attorney General Pam Bondi. ECF No. 1, at 4-5, 17.[1] He alleges that the indictment upon which he was convicted in Mississippi state court was void at the time it was filed, and that Defendants have denied him due process, failed to enforce the U.S. Constitution, and failed to investigate his unlawful detention. *Id.* at 5-7, 14-16. He also has filed a motion for leave to proceed *in forma pauperis*, ECF No. 2, a motion to expedite consideration of his *in forma pauperis* application, ECF No. 7, and other motions seeking various forms of relief against Defendants, *see* ECF Nos. 3 to 6. For the following reasons, the court will dismiss this case for lack of jurisdiction.

---

[1] The citations to ECF No. 1 refer to the ECF-generated page numbers at the top of each page rather than any internal pagination.

Mr. Winding asserts a *Bivens* claim against Defendants for violating his constitutional rights. ECF No. 1, at 5.[2] Notwithstanding his invocation of *Bivens*, Mr. Winding is challenging the validity of his confinement. Specifically, in the complaint, Mr. Winding alleges that his "[r]ight to be free from unconstitutional detention" has been violated due to a "void ab initio" indictment. *Id.*; *see id.* at 6 (alleging "[u]nconstitutional [r]estraints" due to the void indictment and arguing that Washington, D.C. was "[d]eceived" by Louisiana and Mississippi, which "allow[ed] an unlawful incarceration to continue under a (void ab initio) indictment"). Because Mr. Winding is challenging his commitment, his exclusive remedy is to petition for a writ of habeas corpus. *See Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013) ("[A] federal prisoner need bring his claim in habeas . . . if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration.'" (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005))). Accordingly, the court construes the complaint as a petition for a writ of habeas corpus.

To the extent Mr. Winding "alleges that he is 'in custody in violation of the Constitution or laws or treaties of the United States,' his avenue for relief is 28 U.S.C. § 2241." *Greer v. United States*, No. 24-CV-587, 2025 WL 819573, at *1 (D.D.C. Mar. 13, 2025). "A writ of habeas corpus specifically acts upon the individual physically holding the prisoner in custody, rather than upon the prisoner himself, and to that end, a petitioner's 'immediate custodian' is the only proper respondent in a Section 2241 habeas corpus action." *Id.* (citation omitted) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)). "Indeed, 'a district court may not [even] entertain a habeas

---

[2] Mr. Winding also contends that state officials are liable for constitutional violations under 42 U.S.C. § 1983, ECF No. 1, at 5, even though he has not named any state officials as defendants in this lawsuit, *id.*, at 4-5.

petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.'" *Id.* (quoting *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004)). Accordingly, the court cannot consider Mr. Winding's request for relief under Section 2241, and he must file his habeas action in the appropriate federal district court in Mississippi.

To the extent Mr. Winding is challenging his underlying state indictment and conviction—which appears to the case from his complaint, *see* ECF No. 1, at 3, 6—federal habeas review of state convictions is available under 28 U.S.C. § 2254, but only after exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). As with habeas petitions under Section 2241, district courts are limited to granting "[w]rits of habeas corpus . . . *within their respective jurisdictions*." *Id.* § 2241(a) (emphasis added); *see id.* § 2241(d) ("[A]n application for a writ of habeas corpus . . . made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced . . . ."); *see also Greer*, 2025 WL 819573, at *2. "[T]hat language has been interpreted as 'limit[ing] the power of a district court to hear and determine a prisoner's petition for habeas corpus to those situations where the prisoner both is physically present in the court's territorial jurisdiction and is detained or held in custody within that jurisdiction.'" *Harris v. United States*, 148 F. Supp. 3d 1, 1 (D.D.C. 2015) (quoting *U.S. ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969)).

In light of these principles, this court lacks jurisdiction to entertain Mr. Winding's habeas petition because Mr. Winding is not physically present and confined in the District of Columbia, he has not named his immediate custodian as the respondent to this action, and he has not alleged

that this court would have personal jurisdiction over that custodian.[3]  Because the court lacks jurisdiction, it will dismiss as moot Mr. Winding's pending motions other than his *in forma pauperis* application.  *See McNeil v. Harvey*, No. 17-CV-1720, 2018 WL 4623571, at *1 (D.D.C. Sep. 26, 2018) (dismissing remaining motions as moot after holding that the court lacked subject-matter jurisdiction).

For the foregoing reasons, the court will grant Mr. Winding's motion to proceed *in forma pauperis*, dismiss the complaint and the case without prejudice for lack of jurisdiction, and deny his remaining motions as moot.  A contemporaneous order will issue.

                                                                LOREN L. ALIKHAN
                                                                United States District Judge

Date:   February 18, 2026

---

[3] The court would ordinarily consider transferring Mr. Winding's petition to the Southern District of Mississippi—the jurisdiction in which he is confined—but Mr. Winding is subject to a filing restriction in the Fifth Circuit related to this conviction.  *See* Order Applying Fifth Circuit Mandate and Dismissing Transferred Case, *Winding v. United States*, No. 25-CV-137 (S.D. Miss. Nov. 21, 2025), ECF No. 11 (quoting *In re Winding*, No. 22-20065 (5th Cir. Jan. 10, 2023)).